Larry M. Haag Citrus County Attorney
QUESTION:
May tourist development tax revenues be used to advertise and promote a "Concert in the Park" as a free, public event to promote tourism in Citrus County?
SUMMARY:
If the county makes the appropriate legislative finding that an expenditure promotes tourism, tourist development tax revenues may e used to advertise and promote a special event, such as the "Concert in the Park."
You state that the Citrus County Tourist Development Council wishes to spend tourist development tax revenues to advertise and promote a project known as "Concert in the Park." The project would consist of an outdoor concert by the Florida Orchestra which would be free to the public. The purpose of the event is to provide entertainment for Citrus County residents and visitors and to spotlight the county as a desirable place to live or visit.
Section 125.0104, F.S., known as the Local Option Tourist Development Act,[1] authorizes a county to impose a tax on short term rentals of living quarters or accommodations within the county unless such activities are exempt pursuant to Ch. 212, F.S.[2] Subsection (5) of the act sets forth the purposes for which revenues from the tourist development tax may be used.
Specifically, s. 125.0104(5)(a), F.S., provides:
 All tax revenues received pursuant to this section by a county imposing the tourist development tax shall be used by that county for the following purposes only: 1. To acquire, construct, extend, enlarge, remodel, repair, improve, maintain, operate, or promote one or more publicly owned and operated convention centers, sports stadiums, sports arenas, coliseums, or auditoriums within the boundaries of the county or subcounty special taxing district in which the tax is levied. However, these purposes may be implemented through service contracts and leases with persons who maintain and operate adequate existing facilities; 2. To promote and advertise tourism in the State of Florida and nationally and Internationally; 3. To fund convention bureaus, tourist bureaus, tourist information centers, and news bureaus as county agencies or by contract with the chambers of commerce or similar associations in the county; or 4. To finance beach improvement, maintenance, renourishment, restoration, and erosion control, including shoreline protection, enhancement, cleanup, or restoration of inland lakes and rivers to which there is public access. (e.s.)
Where a statute enumerates those things upon which it will operate or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned.[3]
Thus, the specific provisions of s. 125.0104(5)(a), F.S., limit the expenditure of tourist development tax revenues to those enumerated and imply the exclusion of all others.[4]
This office consistently has determined that tourist development tax revenues may only be used for the purposes enumerated in s.125.0104(5)(a), F.S.[5] The determination, however, as to whether a particular project is tourist related and furthers the purpose of promoting tourism is one which must be made by the governing body of the county and not by this office.[6]
Thus, the county is authorized to expend tourist development tax revenues to promote and advertise the "Concert in the Park," if the governing body of the county makes the appropriate legislative determination that such activity is primarily related to promoting tourism within the county.
[1] Section 125.0104(1), F.S.
[2] See, s. 125.0104(3)(a), F.S., which states that it is the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in "any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section . . . ."
[3] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976). And see, AGO 88-49 (the expenditure of tourist development tax revenues is limited to those purposes set forth in the statute).
[4] And see, Dobbs v. Sea Isle Hotel, 56 So.2d 341,342 (Fla. 1952), and Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944), for the proposition that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.
[5] See, AGO's 86-68 (tourist development tax revenues may be used for beach cleaning and maintenance) and 87-16 (tourist development tax revenues may be used to improve, maintain, renourish or restore public shoreline or beaches of inland freshwater lake). Cf., AGO's 91-62 (construction of boat ramps and attendant parking facilities in proximity to inland lakes and rivers not a proper use of tourist development tax revenues); 90-55 (no authority to use tourist development tax revenues to construct beach parks, fund additional law enforcement patrols or lifeguards on the beach, or build and maintain sanitary facilities on or near the beach) and 88-49 (no authority to use tourist development tax revenues to acquire real property for public beach access)
[6] See, AGO's 87-16 and 83-18.